Dear Mayor Gilbreath:
On behalf of the Village of Collinston, you have requested an opinion of this office, regarding the legality of the use of a town vehicle purchased by the Village of Collinston and provided to the town employee. Specifically, you ask whether the employee, who is on call twenty-four hours per day, can use the town vehicle to travel back and forth from his home to work and keep the vehicle at home when he is not at work. In short the answer to your question is yes.
According to your request the Village of Collinston has a full time employee that is responsible for a variety of duties, such as street superintendent, operation over water and sewage, etc. This particular employee lives outside the corporate limits of the Village of Collinston and is on call twenty-four hours per day. Therefore, should an emergency arise during the time that the employee is off, weekends, holidays, etc.; the employee needs to have the town vehicle with him, which contains the necessary tools and equipment needed to handle the situation.
The issue presented by your request must be addressed in light of the provisions of Louisiana Constitution (1974) Article VII Section 14, which contains the constitutional standard for the lawful use of public funds and property. La.Const. Art VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private.
This office has long recognized the caution which must be exercised in the expenditure of public funds and use of public property. Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La.Const. Art. VII, Sec. 14, as set forth inCity of Port Allen v. Louisiana Mun. Risk, *Page 2 439 So.2d 399 (La. 1983). However, the Louisiana Supreme Court has recently overruled this case and announced a new standard for determining whether Art. VII, Sec. 14 is violated. In Board of Directors of the IndustrialDevelopment Board of the City of Gonzales, 938 So.2d 11, 23, 2005-2298
(La. 9/6/06) (the "Cabela's" case) the court found that "(Art. VII) Sec. 14(A) is violated when public funds or property are gratuitously alienated." See also: Atty. Gen. Op. Nos. 07-0134 and 06-0328. Thus, if allowing the town employee to travel to and from work in the town vehicle is considered a gratuitous alienation of public property, the use of the town vehicle would be an unconstitutional donation pursuant to Art. VII, Sec. 14.
We garner three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and cannot appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds. Therefore, it is clear to our office that in order for an expenditure or transfer of public funds or property to comply with Art. VII, Sec. 14(A), the public entity must receive more than a nominal return or some minimal value in order for an expenditure to be non-gratuitous. If a public entity can show that it reasonably expects to receive as least equivalent value for the funds it expends or property it transfers, that would seem to show a non-gratuitous intent. Attorney General Opinion No. 07-0134.
It is our understanding after further speaking with your office that the particular employee at issue is the only town employee that is responsible for the duties referenced in your request and is the only employee that utilizes the town truck. You also stated that the employee lives approximately 10 miles from the Village of Collinston and only uses the Town's truck to travel back and forth from his home to work. The employee owns his own personal vehicle and does not use the town vehicle for personal use. It is clear from the facts that you have provided, that the public purpose of providing a prompt response to emergency situations is facilitated by providing 24 hour transportation for an employee that is on call 24 hours per day. Further, the expenditures that may be associated with traveling to and from work, appears to be minimal in comparison to the benefit realized in having rapid deployment of decision making personnel to emergency situations. Attorney General Opinion Nos. 06-0225, 06-0124 and 90-370 (Occasional personal use of public vehicle furnished to Hospital Administrator on 24-hour call does not constitute a prohibited donation of public property).
Accordingly, it is the opinion of this office that the Village of Collinston's town employee, who is on call twenty-four hours per day, may use the town vehicle to travel back and forth from his home to work without violating Art. VII, Section 14(A) of the Louisiana Constitution. *Page 3 
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 With kindest regards, Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By:__________________ LaTonya L. Ozene Assistant Attorney General
CCF, Jr:LLO/lw